FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 MAY -3 PM 4:54

ROBERT R. DiTROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

| | | |
|---|---|---|
| DIRECTV, Inc., a California Corp., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No.   04-2399 BV |
| JESSE POWELL, | ) ) ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

On May 27, 2004, the plaintiff, DIRECTV, filed a complaint alleging that the defendant, Jesse Powell ("Powell"), purchased, possessed, and used a device to secretly intercept DIRECTV's satellite television programing, in violation of the Federal Communications Act of 1934, as amended ("FCA"), 47 U.S.C. § 605; the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510-2521; Tenn. Code Ann. § 39-13-601 and Tenn. Code Ann. §§ 39-14-104, 7-59-109 and Tennessee common law.  Before the court is the motion for summary judgment filed by DIRECTV.  The motion was referred to the United States Magistrate Judge for a report and recommendation.  For the following reasons, it is recommended that the motion be granted.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 5-5-05

/8

I. **PROPOSED FINDINGS OF FACT**

For the purposes of this motion, the court finds that the facts set forth by DIRECTV are undisputed. DIRECTV's motion for summary judgment is premised on Powell's failure to timely respond to requests for admissions. DIRECTV argues that Powell, by his failure to timely respond to their request for admissions, is deemed to have admitted certain matters which conclusively establish DIRECTV's claim against Powell as a matter of law.

Under Federal Rules of Civil Procedure 36(a) and 36(b), if responses to requests for admissions are not timely filed within the time permitted by the Rules, they are deemed to be admitted unless the court on motion permits withdrawal or amendment of the admission. Rule 36(a) provides in pertinent part:

> The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

FED R. CIV. P. 36(a). According to the certificate of service attached to DIRECTV's requests for admission, the requests for admission were served on Powell on January 7, 2005, by placing them in the mail. Under the Rules, responses were due by February, 10 2005. Powell has yet to respond to the requests for admission nor has he filed a motion asking that the time to respond be extended

or that he be allowed to withdraw any assumed admission. Accordingly, the requests for admission propounded by DIRECTV are deemed admitted.

The court has searched the record but finds no response from Powell to DIRECTV's motion for summary judgment. Pursuant to local rule 7.2(a)(2), failure to respond timely to a motion may be deemed good grounds for granting the motion. However, the rule does not apply to motions requesting the dismissal of a claim or action. Additionally, Rule 56 of the Federal Rules of Civil Procedure indicates that the failure to properly respond to a motion for summary judgment alone is not sufficient grounds for granting summary judgment.[1] Therefore, despite the fact that Powell has not responded to DIRECTV's motion, this court must determine whether any genuine issue of material fact exists sufficient to preclude an award of summary judgment and whether the plaintiff is entitled to a judgment as a matter of law. Nevertheless, the failure to

---

1. The pertinent part of that rule states:
When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, *if appropriate*, shall be entered against the adverse party.
FED. R. CIV. P. 56(e) (emphasis added).

3

respond to a motion for summary judgment inevitably tends to hinder a party's ability to avoid summary judgment as that party will not have set forth any affidavits or other materials "set[ting] forth specific facts to show that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

Thus, the following are undisputed facts:

1.   DIRECTV is a California-based company in the business of delivering satellite television broadcasts to homes and businesses equipped with specialized digital satellite system equipment throughout the United States, including Memphis, Tennessee. Comp. ¶ 1.

2.   Each subscriber to DIRECTV's satellite signal must be equipped with digital satellite hardware, which consists of a satellite dish, and integrated receiver/decoder ("IRD") and an access card that is necessary to operate the IRD. Comp. ¶ 2. Through this digital system, DIRECTV sells it satellite programming to subscribers for a monthly fee or on a "pay-per-view basis. Comp. ¶ 6.

3.   To prevent the unauthorized interception and use of the satellite programming by individuals who have not paid for the service, DIRECTV encrypts its satellite transmissions and employs conditional access technology. Comp. ¶ 4. The conditional access technology relies in part on "access cards" that are provided to

4

consumers as components of the digital satellite system equipment and which, upon activation by DIRECTV, decrypt DIRECTV's programming and permit the consumer to access and view it. Comp. ¶ 4.

4. Once a DIRECTV customer obtains an access card and other system hardware and creates an account with DIRECTV, the customer can receive and view the unscrambled channels for which the customer has subscribed. Comp. ¶ 5.

5. On or about July 1, 2002, DIRECTV obtained the business records of Ryan Dellazizo and Brad Cohen, the operators of multiple internet pirate access sales websites, including DssWhiz.com. These records contained evidence of an ongoing illegitimate enterprise which focused on distributing electronic devices primarily designed for the surreptitious interception of satellite communications broadcasts by DIRECTV. Comp. ¶ 16.

6. The business records obtained from Dellzizo and Cohen indicated that on or about November 28, 2001, the defendant, Jesse Powell ordered and received two (2) High Quality Bootloaders for P2 Series Smart Cards from DSS Whiz or DssWhiz.com. These products had the primary design for and purpose of facilitating the unauthorized interception of DIRECTV's encrypted signal. Comp. ¶ 19; Admission No. 6.

7. The business records also indicated that on or about

5

December 14, 2001, Powell had purchased and received one (1) High Quality Bootloader for P2 Series Smart Cards from DSS Whiz or DssWhiz.com. This product also had the primary design for and purpose of facilitating the unauthorized interception of DIRECTV's encrypted signal. Comp. ¶ 19; Admission Nos. 17, 18.

8.  Powell used a credit card to pay for both the November 28, 2001 order and the December 13, 2001 order. All three devices that were ordered from DSS Whiz were delivered "C.O.D." (cash on delivery). Upon C.O.D. delivery by the United States Postal Service or other common carrier, Powell paid cash for the device. Admission Nos. 12, 24, 25.

9.  At the time Powell purchased the devices, he knew or should have known that such device had the primary design for the purpose of unauthorized interception of DIRECTV's encrypted signal. Admission Nos. 14, 26.

10. Powell knew or should have known that the manufacture, assembly, distribution, sale and/or possession of the devices he purchased from DSS Whiz were illegal and prohibited. Admission Nos. 15, 27.

11. Powell knew or should have known that receiving or assisting others in receiving DIRECTV's satellite transmissions of television programming without authorization or payment to DIRECTV was illegal and prohibited. Admission No. 4.

6

12. At all times material hereto, Powell possessed the requisite digital system hardware, including a satellite dish, integrated receiver/decoder required to use the illegally modified DIRECTV access card through which he actually and intentionally received and/or assisted others in receiving DIRECTV's encrypted satellite transmissions without authorization. Comp. ¶ 21; Admission No. 3.

13. Powell used or attempted to use one or more of the devices ordered from DSS Whiz to facilitate the unauthorized interception of DIRECTV's encrypted signal. Admission No. 3.

## II. PROPOSED CONCLUSIONS OF LAW

As previously stated, despite the fact that Powell has not responded to DIRECTV's motion, this court must still determine whether the plaintiff is entitled to a judgment as a matter of law.

### A. Claim Raised Pursuant to 47 U.S.C. § 605

DIRECTV asserts a claim against Powell for violation of 47 U.S.C. § 605. Section 605(a) makes it unlawful for any unauthorized person "to receive or assist in receiving any interstate or foreign communication by radio and use such communication for his own benefit or for the benefit of another." Courts have recognized that satellite television transmission falls within the definition of radio. *National Satellite Sports, Inc., v. Eliadas, Inc.*, 253 F.3d 900 (6th Cir. 2001).

7

Powell purchased a total of three illegal "access card" devices over the internet from DSS Whiz. Powell used these devices to receive and/or assist in receiving unauthorized reception of DIRECTV's satellite programming. In *Community Television Systems, Inc. v. Caruso*, 134 F. Supp. 2d 455 (D. Conn. 2000), the court determined that although there was no direct evidence that the defendants had used illegal access devices which they had purchased, "use" of the devices is presumed from the purchase of the devices "absent evidence of non-use or any other use" *Id.* at 461.

In the present case, Powell admitted to purchasing and using the pirate access devices. Accordingly, the court finds that Powell received unauthorized reception of DIRECTV's satellite programing in violation of 47 U.S.C. § 605.

B.  <u>Claims Raised Pursuant to 18 U.S.C. §§ 2510-2521</u>

DIRECTV next asserts a claim against Powell for violation of 18 U.S.C. §§ 2510-2521. Section 2511(1)(a) provides that anyone who "intentionally intercepts, endeavors to intercept, or procure any other persons to intercept, any wire, oral, or electronic communication" is subject to civil and criminal liability pursuant to 18 U.S.C. § 2520(a).

In the present case, Powell does not dispute that he purchased three illegal access devices with the intent to intercept DIRECTV's

8

satellite signal. Accordingly, the court finds that Powell intentionally intercepted wire communications in violation of 18 U.S.C. § 2511.

C.  Claim Raised Pursuant to Tenn. Code Ann. § 39-13-601

DIRECTV next contends that Powell violated Tenn. Code Ann. § 39-13-601. Section 39-13-601(a)(1)(A) of the Tennessee Code provides that anyone who "intentionally intercepts, endeavors, to intercept, or procures any other persons to intercept, any wire, oral, or electronic communication" is subject to state penalties or suit.

As discussed previously, Powell admitted to purchasing and receiving pirating devices with the intent of surreptitiously intercepting DIRECTV's satellite signal. Accordingly, by Powell's own admissions, DIRECTV has established that Powell violated Tenn. Code Ann. § 39-13-601.

D.  Claim Raised Pursuant to Tenn. Code Ann. §§ 39-14-104 and 7-59-109

DIRECTV asserts that Powell violated Tenn. Code Ann. §§ 39-14-104 and 7-59-109. Section 39-14-104 of the Tennessee Code prohibits a person from intentionally avoiding payment for services by obtaining those services by means of "deception, fraud, coercion, false pretense, or any other means . . . ." Section 7-59-109 states that:

9

> A person also commits the theft of services as prohibited by 39-14-104, who knowingly: (1) obtains or attempts to obtain cable television services from a company by trick, artifice, deception, or other fraudulent means with the intent to deprive such company of any or all lawful compensation for rendering each type of service obtained.

Tenn. Code Ann. § 7-59-109(a)(1). Therefore, obtaining or attempting to obtain cable television by any means, with the intent to deprive the television company of any or all lawful compensation constitutes theft of services under section 39-14-104.

In this case, Powell admitted to intentionally obtaining DIRECTV's services by trick, artifice, deception or other fraudulent means. DIRECTV has thus established that Powell acted in violation of Tenn. Code Ann. §§ 39-14-104 and 7-59-109. Accordingly, the court finds that Powell intentionally avoided payment for DIRECTV's satellite services in violation of Tenn. Code Ann. §§ 39-14-104 and 7-59-109.

### III.  DAMAGES

DIRECTV contends that it is entitled to damages, costs, and attorney fees. In regard to Powell's violation of 47 U.S.C. § 605, the statute provides for damages and gives the aggrieved party the option of actual or statutory damages. 47 U.S.C. § 605(e)(3)(i). DIRECTV has requested that the court award statutory damages. If statutory damages are awarded, DIRECTV is entitled to "a sum of not less than $1,000 or more than $10,000, as the court considers just

. . ." for each violation. *Id.*

DIRECTV insists that it is entitled to damages pursuant to 18 U.S.C. § 2520, because of Powell's violation of 18 U.S.C. § 2511. Section 2520 states that the court may assess actual damages or statutory damages of $10,000, whichever is greater.

DIRECTV also asserts that it is entitled to damages pursuant to Tenn. Code Ann. § 39-13-603, which lists possible damages as:

> (1) The greater of:
>    (A) The sum of the actual damages . . .
>    (B) Statutory damages of . . . ten thousand dollars ($10,000)
> (2) Punitive damages; and
> (3) A reasonable attorney's fee and other litigation costs reasonably incurred.

Tenn. Code Ann. § 39-13-603(a).

Each of the statutes relied upon by DIRECTV states that the court *may* assess damages. Because DIRECTV has chosen to seek statutory damages, the presumptive amount of damages is between $1,000 and $10,000 for each violation of under 47 U.S.C. § 605, $10,000 under 18 U.S.C. § 2520, and $10,000 under Tenn. Code Ann. § 39-13-603. The court finds that the minimum award under these statutes, which would be $23,000, is excessive under these facts. DIRECTV has offered no evidence that Powell profited from the use of these pirating devices, other than from the money he saved by not paying for DIRECTV's services.

Accordingly, the court, in its discretion to award damages, finds that no damages should be awarded under either 47 U.S.C. § 605 or Tenn. Code Ann. 39-13-603. The court does find that DIRECTV is entitled to statutory damages of $10,000 pursuant to 18 U.S.C.

11

§ 2520. Finally, pursuant to Tenn. Code Ann. § 39-13-603, the court finds that DIRECTV is entitled to an award of reasonable attorney fees and litigation expenses. DIRECTV should be given thirty (30) days from the date of the adoption of this report and recommendation to submit proof of fees and expenses incurred in pursuing this litigation.

Respectfully submitted this 3rd day of May, 2005.

*Diane K. Vescovo*
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 18 in case 2:04-CV-02399 was distributed by fax, mail, or direct printing on May 5, 2005 to the parties listed.

---

Jesse Powell
6649 Bentbirch Cove
Memphis, TN 38115

Antonio L. Matthews
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT