IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DIRECTV, Inc., a California Corp.,

    Plaintiff,

v.                                           No. 04-2399 B

JESSE POWELL,

    Defendant.

---

ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S
MOTION FOR COURT APPOINTED ATTORNEY

---

Before the Court is the May 12, 2005 motion for a court appointed attorney filed by the pro se Defendant, Jesse Powell. A disposition on the merits of the request is not warranted at this juncture, however, as the Defendant's filing is not in compliance with the Local Rules of this district. The Local Rules provide that motions must be accompanied by a certificate of consultation "affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion." LR7.2(a)(1)(B), Local Rules of the U.S. Dist. Ct. for the W. Dist. of Tenn. ("Local Rules"). The certificate of consultation

> must contain the names of participating counsel and the date and manner of consultation. The burden will be on counsel filing the motion to initiate the conference upon giving reasonable notice of the time, place and specific nature of the conference. If an opposing counsel or party refuses to cooperate in the conduct of a conference, counsel must file a certificate to that effect, setting out counsel's efforts to comply with this rule.

LR7.2(a)(1)(B), Local Rules. In this case, there is no indication that Defendant, as his own attorney, conferred with opposing counsel on the matter which is the subject of the filing or that he made any

attempt to do so. "Failure to file an accompanying certificate of consultation may be deemed good grounds for denying the motion." LR7.2(a)(1)(B), Local Rules. The Court further notes that Defendant's motion does not contain a certificate of service as required by Local Rule 7.2(a)(1).

Additionally, the Court points out that the Defendant has no right to appointed counsel in a civil case. See Abdur-Rahman v. Michigan Dep't of Corr., 65 F.3d 489, 492 (6th Cir. 1995) (finding that a district court did not err in denying a party's request for a court appointed attorney because he has no such constitutional right in a civil case). However, the Court may in exceptional circumstances request an attorney to serve as counsel in a civil case for an indigent party, in the Court's discretion. Washington v. Simon, No. 1:05-CV-179, 2005 WL 1309142, at *4 (W.D. Mich. June 1, 2005) (citing Abdur-Rahman, 65 F.3d at 492; Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993); Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989)). Here, the Defendant has not cited to any exceptional circumstances which would warrant appointment of counsel.

Nevertheless, as the Plaintiff's filing is procedurally defective, it is hereby DENIED without prejudice.

IT IS SO ORDERED this 8th day of June, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 21 in case 2:04-CV-02399 was distributed by fax, mail, or direct printing on June 13, 2005 to the parties listed.

---

Jesse Powell
6649 Bentbirch Cove
Memphis, TN 38115

Antonio L. Matthews
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT