IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ᴊC D.C.
05 JUL 26 PM 1: 24

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

DIRECTV, INC., a California Corp.,

    Plaintiff,

v.       No. 04-2399 B

JESSE POWELL,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR COURT APPOINTED ATTORNEY

Before the Court is the June 20, 2005 motion for a court appointed attorney filed by the pro se Defendant, Jesse Powell. However, the Defendant's filing is not in compliance with the Local Rules of this district. The Local Rules provide that motions must be accompanied by a certificate of consultation "affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion." LR7.2(a)(1)(B), Local Rules of the U.S. Dist. Ct. for the W. Dist. of Tenn. ("Local Rules"). The certificate of consultation

> must contain the names of participating counsel and the date and manner of consultation. The burden will be on counsel filing the motion to initiate the conference upon giving reasonable notice of the time, place and specific nature of the conference. If an opposing counsel or party refuses to cooperate in the conduct of a conference, counsel must file a certificate to that effect, setting out counsel's efforts to comply with this rule.

LR7.2(a)(1)(B), Local Rules. In this case, there is no indication that Defendant conferred with opposing counsel on the matter which is the subject of the filing or that he made any attempt to do so. "Failure to file an accompanying certificate of consultation may be deemed good grounds for

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 7-27-05



denying the motion." LR7.2(a)(1)(B), Local Rules.

Additionally, as the Court stated in its order denying Defendant's first request for a court appointed attorney, there is no right to appointed counsel in a civil case. See Abdur-Rahman v. Michigan Dep't of Corr., 65 F.3d 489, 492 (6th Cir. 1995) (finding that a district court did not err in denying a party's request for a court appointed attorney because he has no such constitutional right in a civil case). However, the Court may in exceptional circumstances request an attorney to serve as counsel in a civil case for an indigent party, in the Court's discretion. Washington v. Simon, No. 1:05-CV-179, 2005 WL 1309142, at *4 (W.D. Mich. June 1, 2005) (citing Abdur-Rahman, 65 F.3d at 492; Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993); Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989)). The Defendant has again not cited to any exceptional circumstances which would warrant appointment of counsel.

For the foregoing reasons, Plaintiff's motion for appointment of counsel is hereby DENIED.

IT IS SO ORDERED this 25th day of July, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 26 in case 2:04-CV-02399 was distributed by fax, mail, or direct printing on July 27, 2005 to the parties listed.

---

Antonio L. Matthews
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Jesse Powell
6649 Bentbirch Cove
Memphis, TN 38115

Honorable J. Breen
US DISTRICT COURT